NO. 07-03-0096-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 17, 2003


______________________________



ALBERT V. CARDONA,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433643; HON. JIM BOB DARNELL, PRESIDING


_______________________________



ORDER DIRECTING FILING OF REPORTER'S RECORD


__________________________________


Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Albert V. Cardona appeals his conviction for manufacture of a controlled
substance, methamphetamine of four grams or more but less than 200 grams. Notice of
appeal was timely filed in the trial court on February 21, 2003. The clerk's record was filed
on March 19, 2003. The reporter's record was due to be filed on March 19, 2003. It was
not received, however. On March 19, 2003, this Court sent a letter extending the time to
file the reporter's record to April 18, 2003. On April 21, 2003, Terri Ramsey, the official
court reporter, filed a request for extension of time to file the reporter's record, stating that
"appellant has made required payment and has filed a written designation, but due to my
case load, I have been unable to complete the record." This Court granted the request
and extended the time to complete and file a reporter's record to May 19, 2003. On May
19, 2003, Terri Ramsey filed a second request, stating the same reason for an extension
as the first. This Court granted the second request to June 19, 2003, with the admonition
that no further extensions would be granted. On June 16, 2003, Terri Ramsey filed a third
request for extension, which effectively would be a fourth extension. In it, she asks
permission to file the reporter's record on July 19, 2003. The delay was purportedly
justified because "Susan Myatt, CCR, did a punishment hearing on this case, and due to
her case load has not completed it." This was the first time that this Court was notified that
someone else had purportedly transcribed a portion of the record and could not provide
it in a timely manner. 

 Accordingly, we order Terri Ramsey, the official court reporter for the 140th District
Court of Lubbock County, to transcribe and file with the Clerk of this Court a reporter's
record as required by the Texas Rules of Appellate Procedure and encompassing the
entire trial had in cause number 2000-433643. Said record shall include all argument,
evidence, and exhibits presented to the court during trial, as well as any pretrial and post-trial hearings conducted by the trial court in said cause. We further order Terri Ramsey
to file the complete reporter's record in a manner by which it will be received by the Clerk
of this Court on or before 5:00 p.m. on July 7, 2003. No further motions for extension of
time will be considered. Lastly, the failure to file the reporter's record by the date stated
herein may result in a hearing requiring Ms. Ramsey to show cause why she should not
be held in contempt, a complaint to the body governing certified court reporters,
appropriate sanctions, or abatement and remand to the trial court for appropriate action.

 It is so ordered.

 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



testified that, if it is placed in the right spot, a pellet gun is capable of causing
death or serious bodily injury. We further note that although the voluntariness of
appellant's confession was raised at trial, there does not appear to have been any error
in the trial court's ruling on its admissibility. 

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal. Finding none, we are in
agreement with counsel that the appeal is without merit and is therefore frivolous. Lacy
v. State, 477 S.W.2d 577, 578 (Tex.Crim.App. 1972).

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish.